**Stephen YAGMAN, Plaintiff-Appellant,**

v.

**Eric GARCETTI, et al., Defendant-Appellees.**

No. 15-55400

United States Court of Appeals, Ninth Circuit.

Filed JANUARY 20, 2017

Submitted November 9, 2016 *
Pasadena, California

Stephen Yagman, Pro Se

Ronald S. Whitaker, Gerald Masahiro Sato, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants-Appellees

Before: BERZON and NGUYEN, Circuit Judges, and ZOUHARY,** District

---

* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Judge.

## MEMORANDUM ***

Stephen Yagman appeals the judgment of the district court dismissing his complaint with prejudice based on res judicata. This case, *Yagman II*, was preceded by Case No. 14 CV 2330, *Yagman I*.

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies when there is: (1) identity or privity between the parties; (2) a final judgment on the merits; and (3) identity of claims. *Id.*

As to the first element of res judicata, the parties are identical in both district court cases. The second element is satisfied because the dismissal in *Yagman I* is a final judgment on the merits. With respect to the third element, this Court considers four factors in determining the identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–18 (9th Cir. 2012). The last factor—whether the claims arise out of the same core set of facts—is most important. *See id.*

*** This disposition is not appropriate for publi-

The district court correctly determined: (1) *Yagman I* and *Yagman II* involve infringement of the same rights and arise from the same core set of facts; (2) resolution of *Yagman I* and *Yagman II* would involve substantially the same evidence; and (3) Defendants' freedom from liability established in *Yagman I* would be impaired by *Yagman II*. The district court also correctly determined that, even if not raised in *Yagman I*, the illegal-delegation argument is precluded. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986) ("[Plaintiff] cannot avoid the bar of res judicata merely by . . . pleading a new legal theory.").

Plaintiff gets no second bite at the apple.

**AFFIRMED.**

cation and is not precedent except as provid-

ed by Ninth Circuit Rule 36-3.